# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LILLIAN C. VANCE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0263** (BOR Appeal No. 2048761)
             (Claim No. 2012034611)

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lillian C. Vance, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lowe's Home Centers, Inc., by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 21, 2014, in which the Board affirmed an August 27, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed two May 16, 2012, claims administrator's decisions which denied a request for physical therapy, chiropractic treatment, an MRI of the lumbar spine, a follow-up appointment with Ramanathan Padmanaban, M.D., and a consultation with Panos Ignatiadis, M.D. The Office of Judges also affirmed the claims administrator's May 14, 2012, decision denying Ms. Vance's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Vance worked as a product service associate for Lowe's Home Centers, Inc. In the early part of 2012, she began to experience pain and discomfort in her lower back. She received treatment from Healthy Habits Wellness Center where she was diagnosed with sciatica and lumbago. A month later, on March 12, 2012, Ms. Vance was stocking shelves at work from a

ladder and began to feel pain in her back, hip, and leg. She continued to work throughout the day, but her pain became worse, and she was unable to return to work the next day. Ms. Vance returned to Healthy Habits Wellness Center two days after she experienced the onset of pain at work and was again diagnosed with sciatica and lumbago. At the time, she did not indicate that her pain was due to an injury. She was also treated by Dr. Padmanaban, who noted that she had two prior lower back injuries. He found that she was injured in 2005 while lifting a can of paint and that she had been injured in 2010 while bending from a seated position. Although Ms. Vance indicated to Dr. Padmanaban that her pain started at work on March 12, 2012, she stated that she was not doing anything particular when the pain started. Dr. Padmanaban recommended that an MRI be taken of her lumbar spine and that she receive chiropractic care. Based on Dr. Padmanaban's recommendation, Ms. Vance was treated by Cliff Hill, D.C., who found that she had back pain since March 12, 2012, but he believed that her low back condition occurred insidiously. Ms. Vance then received additional treatment from Dr. Padmanaban, who found that the MRI had revealed multiple bulges at the L4-5 and L5-S1 discs. He diagnosed her with displacement of an intervertebral lumbar disc without myelopathy. She was also referred to Dr. Ignatiadis for treatment of her lumbar disc condition. Ms. Vance then submitted an application for workers' compensation benefits. The application listed March 12, 2012, as the date of injury and stated that she had suffered a lumbar strain as well as an L4-5 disc rupture while stocking shelves. On May 14, 2012, the claims administrator rejected her claim. On May 16, 2012, the claims administrator also denied a request from Dr. Padmanaban for physical therapy three times a week for four weeks, chiropractic treatment, an MRI of the lumbar spine, and a follow-up appointment in his office. In a separate decision issued on the same day, the claims administrator also denied a request for a consultation with Dr. Ignatiadis. Ms. Vance then testified by deposition that she was injured while carrying materials up and down a ladder. She also stated that she had surgery to treat her back pain but had paid for it through her private insurance. On August 27, 2013, the Office of Judges affirmed all three claims administrator's decisions. The Board of Review affirmed the Order of the Office of Judges on February 21, 2014, leading Ms. Vance to appeal.

The Office of Judges concluded that Ms. Vance did not suffer an injury in the course of and as a result of her employment. It also affirmed the claims administrator's denial of physical therapy, chiropractic treatment, an MRI, the follow-up appointment with Dr. Padmanaban, and a consultation with Dr. Ignatiadis. The Office of Judges found that Ms. Vance had admitted to all her medical providers that she did not suffer a new injury but had indicated that the onset of pain on March 12, 2012, was related to pre-existing conditions. The Office of Judges found, based on her own account of her pain, that she did not suffer a compensable injury and that the requested treatment related to her back pain should not be authorized. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Vance has not demonstrated that she suffered a compensable injury in the course of and resulting from her employment. Ms. Vance is also not entitled to any of the requested medical benefits because she has not shown that they are medically related or reasonably required to treat any compensable injury. The evidence in the record, including Ms. Vance's own statements to her treating physicians two days after the onset of her pain, demonstrate that she

did not suffer any injury at work. Ms. Vance's application for workers' compensation benefits and her testimony provide some indication that she was injured, but her subsequent accounts of her injury are not sufficiently consistent with the medical evidence in the record. The Office of Judges' Order was consistent with the evidence in the record, and the Board of Review properly affirmed it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum